The Rosen Law Firm
INVESTOR COUNSEL

Phillip Kim
philkim@rosenlegal.com

May 1, 2026

**BY ECF**
The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: ***De Wilde v. Trip.com Group Limited et al,*** **Case No. 2:26-cv-01420-ST (E.D.N.Y.)**

Your Honor:

I write on behalf of Plaintiff Mohammed Adam Mikael Bin Mustapha De Wilde ("Plaintiff") in response to Defendants' request for pre-motion conference for their prospective motion to dismiss. Dkt. No. 9. The request should be denied, without prejudice, as premature.

Preliminarily, Plaintiff has standing. Plaintiff purchased Nasdaq-listed Trip.com American Depositary Shares. Plaintiff did not purchase "common stock." Plaintiff's certification, prepared by counsel, mistakenly noted "common stock." Dkt. No. 1-1.[1]

The pre-motion conference is premature. Defendants seek to dismiss a complaint that will not be the operative complaint nor may not even have the operative plaintiff given the lead plaintiff provisions of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA establishes a specific form of motion practice following the filing of an action: "the PSLRA requires that the plaintiff who files the first action publish notice to the class within 20 days of filing the action, in a widely circulated national business-oriented publication or wire service, advising members: (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Hunter v. Blue Ridge Bankshares, Inc.*, 346 F.R.D. 16, 22 (E.D.N.Y. 2021); 15 U.S.C. § 78u-4(a)(3)(A)(i).

[1] Plaintiff is willing to produce his trading statement in camera if necessary.



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Here, the PSLRA notice was issued on March 11, 2026, and set a May 11, 2026 lead plaintiff deadline. Under the PSLRA, the Lead Plaintiff has the authority act on behalf and bind the putative class. 15 U.S.C. § 78u–4(a)(3)(B). Any putative class member can make a lead plaintiff motion in response to the notice. *Id.* The PSLRA also contemplates that when related actions are filed during the 60-day notice period, they should be consolidated prior to a court's consideration of Lead Plaintiff motions. *Id*. Discovery is stayed upon the filing of a motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B).

Moving forward with motion to dismiss briefing now will frustrate the Lead Plaintiff process. Defendants seek to file a motion to dismiss "within seven days of the pre-motion conference, with [Plaintiff] having fourteen days to respond and Trip.com having seven days to reply." Dkt. No. 9, at 3. Due to the date of the conference, Defendants seek to file a motion to dismiss on May 13, 2026, two days after the lead plaintiff deadline, and before any opposition or reply briefing from various movants will be due. *See* L.R. 6.1(b). This is premature and a waste of resources[2] because Lead Plaintiff and Lead Counsel (who may not have filed the original complaint) have an opportunity to file an amended complaint. Courts in this District and within this Circuit follow this well-established procedure.[3]

Unsurprisingly, courts have found that motions to dismiss the initial complaint in PSLRA actions are a "waste of judicial resources" where "it is unlikely that [the initial complaint] will be relevant once the court appoints a lead plaintiff and an amended complaint is filed." *Spiegel v. Tenfold, et al*., No. 2:00-cv-00652-TC (D. Utah Jan. 3, 2001), Dkt. No. 36, at 9; *Chau v. Intrepid Potash, Inc*., No. CIV.A. 09-CV-00320PA, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009) (adjudicating premature motion to dismiss is "not prudent" and it is in the "interests of efficiency and the orderly administration of th[e] case" to postpone motions to dismiss). Further, where defendants have moved to dismiss prior to adjudication of motions for lead plaintiff and lead counsel appointment pursuant to the PSLRA, courts have held such motions to dismiss to be moot. *See, e.g., Harrison v. Mako Surgical Corp*., No. 12-60875-CIV, 2012 WL 12896916, at *3 (S.D. Fla. Aug. 1, 2012) (appointing lead plaintiff, denying previously filed motion to dismiss as moot, and granting Lead Plaintiff opportunity to file amended complaint); *Cohen v. Saf T Lok, Inc*., et al., No. 9:02-cv-80252-KLR (S.D. Fla. May 29, 2002), Dkt. No. 17 at 2 (mooting motion

[2] A motion to dismiss ruling on a pleading filed by a Lead Plaintiff and Lead Counsel will have preclusive effect on subsequent cases—whereas it would not here.

[3] *E.G., Maschhoff v. Polished.com Inc. et al*, 1:22-cv-06606 (E.D.N.Y.), dkt. no. 5 ("it is customary in [PSLRA cases] for the appointed lead plaintiff to file a consolidated amended complaint."); *Glantz v. James River Group Holdings, Ltd*. et al, 1:23-cv-10000-LJL (S.D.N.Y.), Dkt. No. 7 ("The Parties anticipate that the Court-appointed lead plaintiff will file an amended complaint. The Parties submit that, in the interest of efficiency and conservation of resources, Defendants need not respond to the Initial Complaint."), *Hunter v. Blue Ridge Bankshares, Inc. et al*., 1:23-cv-08944-DG-JAM, Dkt. No. 18 (Amended complaint filed by lead counsel on behalf of lead plaintiff after completion of the lead plaintiff motion process), Dkt. No. 15 (Endorsed Order on stipulation noting that "the undersigned parties agree that [for efficiency and to conserve judicial resources], Defendants need not respond to the [initial complaint until after the lead plaintiff process]").



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202 - 3827

to dismiss without prejudice prior to lead plaintiff appointment and directing conferral on future briefing schedule). Similarly, courts have entered orders directing lead plaintiffs in PSLRA actions to file an amended complaint and declaring any pending motion to dismiss to be moot upon its filing. *See, e.g.*, *Hoffman et al. v. Authentec, Inc.*, No. 6:08-cv-01741-JA-DAB (M.D. Fla. Oct. 9, 2008), Dkt. No. 29 at 2-3 (appointing lead plaintiff and providing that if lead plaintiff files an amended complaint, Defendants' motion to dismiss is moot). The Court should similarly reject Defendants' premature efforts to file a motion to dismiss before the lead plaintiff process is complete.

Defendants' proposed schedule also ignores Plaintiff's right to amend his complaint. *See* Dkt. 9, at 3. FRCP 15(a)(1)(B) states that a party may amend its pleading "once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

In fact, additional material facts have come to light following the end of the Class Period and the filing of the initial complaint, and Plaintiff intends to amend to incorporate these developments, which further support falsity and scienter. This case concerns Trip.com's systematic misrepresentation of antitrust risks as merely hypothetical, even as regulators were actively scrutinizing the Company for monopolistic conduct, thereby materially and misleadingly understating regulatory exposure tied to its dominant market position and coercive pricing practices. Subsequent English-language reporting has revealed that, as early as 2025, the State Administration for Market Regulation ("SAMR")—China's primary antitrust regulator—had already been scrutinizing Trip.com for monopolistic misconduct, demonstrating that Defendants knew or, at minimum, recklessly disregarded that their statements were materially misleading. This inference is further reinforced by post-Class Period events: on February 26, 2026, Trip.com abruptly announced, without explanation, the resignation of its co-founders from leadership; on March 10, 2026, the Company shut down its automated hotel AI pricing tool, a core mechanism underlying its anticompetitive practices; and on March 23, 2026, SAMR confirmed following a regulatory meeting that it had directed Trip.com to rectify specific instances of misconduct, indicating that the shutdown was remedial. Taken together, these facts strongly support that, during the Class Period, Defendants misleadingly characterized antitrust compliance as a future risk when, in reality, the Company was already engaged in conduct subject to active regulatory intervention. Courts "routinely permit amendment" where newly discovered facts further substantiate previously asserted claims. *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F.Supp.2d 428, 472 (S.D.N.Y., 2013) (quoting *Phillips v. Kidder, Peabody & Co.,* No. 87 Civ. 4936(DLC), 1994 WL 570072, at *4 (S.D.N.Y. Oct. 13, 1994)) ("[C]ourts consistently grant motions to amend where it appears that the new facts and allegations are developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings.").

As such, even assuming arguendo that Plaintiff's current complaint falls short of stating a claim, a briefing schedule that robs Plaintiff' right to amend his complaint, is inappropriate.

Lastly, Defendants do not argue any undue prejudice. Discovery in this matter is stayed under the PSLRA until the operative complaint survives the motion to dismiss process. 15 U.S.C. § 78u–4(b)(3)(B), *see also Gervis v. Berg,* No. 00-CV-3362, 2005 WL 3299436 at *2 (E.D.N.Y.



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

Oct. 20, 2005) (“As the United States Court of Appeals for the Second Circuit notes, ‘the PSLRA imposed . . . a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims.’” and “Courts ‘have held [that] the automatic stay provision of the [PSLRA] is triggered by the mere indication by defense of its intention to file a motion to dismiss.’”) (Internal citations omitted). The Court should cancel the pre-motion conference without prejudice as pre-mature.

Respectfully,

/s/Phillip Kim
Phillip Kim

cc: All counsel of record (via ECF)



THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827